IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:11-cr-0264-AT-JFK |
| | : | |
| DANIEL CHAIDEZ-ONTIVEROS, | : | |
| JOSE LUIS PINEDA, ROGELIO | : | |
| RAMIREZ-SOLORIO, MATEO | : | |
| PEREZ, and RASHEED DANIELS, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation as to Defendant Mateo Perez's motions to suppress [Doc. 84],[1] Defendant Rasheed Daniels' motion to suppress statements [Doc. 67], and Defendant Jose Luis Pineda's motion for production of presentence reports of government witnesses, or alternatively, motion for in camera review of presentence reports [Doc. 69].

---

[1] This Court retains the submission of this Report and Recommendation, issued on October 25, 2011.

## I. Report and Recommendation

Defendant Mateo Perez filed an initial motion to suppress on August 17, 2011 [Doc. 68]. On September 9, 2011, he filed his first amended motion to suppress [Doc. 76]. Defendant Perez seeks to suppress statements obtained by the Government via wiretaps or other electronic communication interception methods, particularly those involving "Target Telephone 3."[2] The Government opposes Defendant's motion to suppress on the grounds that Defendant does not have standing to move for suppression of the wiretap evidence, and that necessity was sufficiently established for the wiretap at question [Doc. 78]. The Magistrate Judge determined that Defendant has not established himself as an "aggrieved person" as defined by 18 U.S.C. § 2510(11) and *Alderman v. United States*, 89 S. Ct. 961, 968 & n.9 (1969), and thus does not have standing to move for suppression of the intercepted communication. The Magistrate Judge further finds that necessity for the wiretap was sufficiently established. The Magistrate Judge therefore recommends that this Court deny Defendant's initial and first amended motions to suppress.

---

[2] In his initial motion to suppress, Defendant also sought to suppress any physical evidence obtained by the Government in its search(es) of an apartment or apartments at the Kenwood Creek Apartments, as well as to suppress any evidence that may have be obtained as a result of such searches. Defendant withdrew that request in his First Amended Motion to Suppress.

The Court notes that no objections have been filed in response to the Magistrate Judge's Report and Recommendation. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has reviewed the Magistrate Judge's Recommendation for clear error and finds none. Accordingly, the Court receives the Magistrate Judge's Report and Recommendation with approval and hereby **ADOPTS** the Report and Recommendation as the opinion of this Court. For the reasons stated in the Magistrate Judge's Report and Recommendation, the Court **DENIES** Defendant Perez's motions to suppress [Docs. 68 and 76].

## II. Defendant Rasheed Daniels' Motion to Suppress Statements

On August 15, 2011, Defendant Rasheed Daniels moved to suppress statements uttered during his interrogation following his arrest [Doc. 67]. This *Jackson-Denno* motion was deferred to the district court during the pretrial conference held on August 18, 2011 [Doc. 72]. On January 24, 2012, Defendant Daniels entered a plea of guilty as to Count 1 of the Indictment [Doc. 96]. Accordingly, Defendant's motion to suppress is **DEEMED MOOT**.

### III. Defendant Jose Luis Pineda's motion for production of presentence reports of government witnesses, or alternatively, motion for in camera review of presentence reports

The Magistrate Judge also deferred to the district court Defendant Jose Luis Pineda's request that this Court either order the disclosure of the presentence reports as to all Government witnesses expected to testify at trial, or hold an in camera hearing to determine the contents of said reports [Doc. 69]. The Government has not filed any opposition to this motion. The Court hereby **GRANTS** Defendant's alternative motion for in camera review. The Government is **DIRECTED** to produce for in camera inspection, within ten (10) days of the entry of this order, the presentence report and any witnesses regarding its case who have already been convicted and sentenced, or who have already entered guilty pleas and are awaiting sentencing.

### IV. Conclusion

This Court receives with approval and **ADOPTS** the Magistrate Judge's Report and Recommendation as to Defendant Perez [Doc. 84]. Defendant Perez's motions to suppress are **DENIED** [Docs. 68 & 76]. Defendant Daniels' motion to suppress statements is **DEEMED MOOT** [Doc. 67]. Defendant Pineda's motion for production of presentence reports of Government witnesses is **DENIED** [Doc.

69], however, his alternative motion for in camera review of said reports is **GRANTED** [Doc. 69]. The Government is **DIRECTED** to produce said reports to the district court for in camera inspection within ten (10) days of the entry of this order.

On January 25, 2012, the Government filed a superseding indictment in this action with additional charges against the original defendants and adding charges against twelve (12) new co-defendants [Doc. 99]. On March 1, 2012, the Magistrate Judge held a status conference and granted the parties an extension of time to April 16, 2012, to file any additional motions. Accordingly, this action is **DECERTIFIED READY FOR TRIAL** as to the superseding indictment and **REMANDED** to the Magistrate Judge for further proceedings on the superseding indictment.

It is so **ORDERED** this 21st day of March, 2012.

_____
Amy Totenberg
United States District Judge