**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ROGELIO RAMIREZ-SOLORIO, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0264-AT-JFK-3 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:15-CV-3769-AT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

federal sentence entered in this Court under the above criminal docket number.  The

matter is before the Court on the motion to vacate [650] and Respondent's response

[668].  For the reasons discussed below, Movant's motion to vacate and a certificate

of appealability (COA) are due to be denied.

**I.    Background**

Movant was indicted on the following five counts:  Count One, drug conspiracy;

Count Two, money-laundering conspiracy; Counts Three and Eight, substantive drug

offenses; and Count Nine, possession of a firearm in furtherance of a drug trafficking

crime.  (First Superseding Indictment at 2-6, 9, ECF No. 99).  Movant, represented by

James W. Howard, entered into an agreement with the government to plead guilty to

Count One.  (Guilty Plea and Plea Agreement, ECF No. 410-1).  Therein, Movant agreed that he was in fact guilty of Count One.  (Id. at 1).  Movant agreed that admissible evidence would show beyond a reasonable doubt that, among other things, he conspired with others to coordinate a shipment of twenty kilograms of cocaine to Atlanta, Georgia; that he and others sold drugs from the Fern Hill stash house (hereinafter "stash house"); that he had distributed at least fifty kilograms of cocaine; and that a search of the stash house had yielded twenty-six kilograms of cocaine, well over $500,000 in cash (proceeds from approximately thirty kilograms of cocaine), seventy empty kilogram wrappers, and a 9mm handgun.  (Id. at 5-7, 9).  Under Fed. R. Crim. P. 11(c)(1)(C),[1] Movant and the government entered into a binding agreement that he receive a 220-month sentence.  (Id. at 9).

As part of the plea agreement, Movant agreed that he was voluntarily and expressly waiving the right to appeal or collaterally attack his conviction and sentence, with the exceptions that he could "file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range" and that he could

---

[1]Federal rules allow a defendant and the government to "agree that a specific sentence . . . is the appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement)."  Fed. R. Crim. P. 11(c)(1)(C).

2

cross appeal if the government appealed.  (Id. at 12-13).  In exchange for Movant's guilty plea, the government, among other things, agreed that it would dismiss the remaining counts against Movant and that it would not bring against Movant any further criminal charges related to the charge to which he pleaded guilty.  (Id. at 5). At the conclusion of the agreement, Movant stated that he had read the agreement and carefully reviewed each part with his counsel, understood and voluntarily agreed to the terms, and understood the appeal waiver.  (Id. at 14).  Movant stated that no one had threatened or forced him to plead guilty and that no one had made any promises or inducements other than those in the plea agreement.  (Id. at 15).

During the April 9, 2013, guilty-plea hearing, the Court explained to Movant the rights that he was giving up by pleading guilty, including the right to go to trial and have the government prove his guilt beyond a reasonable doubt.  (Guilty Plea Tr. at 7-8, ECF No. 435).  Movant, under oath, stated that he understood.  (Id. at 10).  The government stated that Movant was pleading guilty to Count One – a conspiracy to possess and distribute five or more kilograms of cocaine, and Movant stated that he understood.  (Id. at 11).  The government outlined the factual basis for the guilty plea – Movant and his co-conspirators had a stash house from which they distributed cocaine; Movant was present at the stash house on April 26, 2011, and distributed at

least ten kilograms of cocaine on that day; and a search of the stash house on the same day yielded twenty-six kilograms of cocaine, seventy empty kilogram wrappers, "at least $ 830,000," and a nine millimeter handgun. (Id. at 12). Movant's counsel stated, "I believe that the Government's summary is accurate. That there might be some discrepancy as to the exact amounts of money, but that would not affect the plea itself . . . or any aspect of whether or not [Movant] would be wanting to enter this plea." (Id. at 13). The Court then asked Movant if he had any substantial disagreements with the evidence as outlined by the prosecutor, and Movant stated, "No." (Id.). The government reviewed the plea agreement, including the binding agreement to a 220-month sentence and the appeal waiver. (Id. at 22-23). The government stated –

> Most importantly, Your Honor, the plea agreement contains an appellate waiver in which [Movant] agrees that to the maximum extent permitted by law, he waives the right to appeal and to collaterally attack his conviction and his sentence with three exceptions. First, if the Court should depart upward under the sentencing guidelines; second, if the Court should vary upward from the sentencing guidelines; and third, if the Government files a direct appeal of [Movant's] sentence or any other matter.

(Id. at 23). The Court questioned Movant whether he understood that he was giving up a broad range of appeal rights and that, absent the limited exceptions, he would not be able to appeal it – "even – the sentence even though you thought it was wrong,

4

ultimately, and you didn't agree with it."  (Id. at 26).  Movant stated that he understood.  (Id.).  The Court asked Movant whether he had been threatened, pressured, forced, or intimidated into pleading guilty, and Movant stated "No."  (Id.). The Court asked Movant how he pleaded to Count One, and Movant stated, "guilty." (Id. at 27).  The Court found that Movant's plea was knowingly, voluntarily, and intelligently made and that it was supported by the factual basis.  (Id. at 27-28). Accordingly, the Court accepted the plea agreement.  (Id. at 28).

At sentencing, the Court found that Movant's total offense level was thirty nine, with a guidelines range of 262 to 327 months, and under the binding plea agreement sentenced Movant to 220 months of imprisonment.  (Sentencing Tr. at 26-27, 29, ECF No. 668-1).

Movant appealed, and his counsel filed an Anders brief,[2] which stated that there were no meritorious issues – including whether the guilty plea was valid.  Br. of Appellant at 7-14, 18, United States v. Ramirez-Solorio, No. 13-13946 (11th Cir. Nov. 25, 2014).  Counsel additionally stated that the government had significantly modified

---

[2]See Anders v. California, 386 U.S. 738, 744 (1967) (holding that an attorney may move to withdraw on grounds that an appeal is "wholly frivolous" if the motion is "accompanied by a brief referring to anything in the record that might arguably support the appeal").

5

its sentencing policy after Movant pleaded guilty, that certain co-defendants received substantially lower sentences than Movant, but that Movant's appeal waiver was voluntary and enforceable and counsel was aware of no basis for an appeal. Id. at 16-17. The Eleventh Circuit Court of Appeals reviewed Movant's counseled brief and the entire record on appeal, found that counsel's assessment under Anders was correct, and concluded, that an "independent examination of the entire record reveals no arguable issues of merit[.]" (USCA Op., ECF No. 604).

Movant now raises five grounds for collateral relief,[3] listed below –

1. Movant's appeal waiver is not enforceable. (Mot. to Vacate at 5).

---

[3]Although Movant's § 2255 filing contains 197 pages, the Court has determined that Movant's § 2255 grounds are the five grounds presented by Movant in his § 2255 motion at cm/ecf pages 20-35, as supported by Movant in his memorandum at cm/ecf pages 37-79. (Mot. to Vacate and Mov't Mem, ECF No. 650). When citing to the Motion to Vacate and Movant's memorandum, the Court will cite to the pagination used by Movant at the bottom center of each page.

By way of explanation, the Honorable Judge Amy Totenberg sustained Movant's objection to an order to amend and determined that he raised only the five grounds laid out in his § 2255 motion (pages 20-35) and that, if the Court did not include the extraneous material filed by Movant, his § 2255 motion and memorandum in support (pages 37-79) were acceptable. (Order of Jan. 26, 2016, at 2, ECF No. 659). The undersigned denied Respondent's motion to strike excess pages but clarified, in accord with Judge Totenberg's Order, that cm/ecf pages 1-19, 36, and 80-197 were not construed to raise any additional claims or arguments. (Order of Mar. 31, 2016, at 1-2, ECF No. 663).

AO 72A
(Rev.8/82)

2.  Counsel was ineffective for causing Movant to be stuck with a 220-month sentence when his co-defendants benefitted from the government's significant modification to its drug sentencing policy and for failing to obtain a better plea offer in light of a recent Supreme Court ruling and in light of problems with a "recently retroactive resentencing under [the] U.S. sentencing guideline effective November 01, 2014." (Id. at 6).

3.  Counsel was ineffective based on affirmative misrepresentation and errors so serious that counsel was not functioning as counsel under the Sixth Amendment. (Id. at 8).

4.  Movant's sentence is in conflict with federal law.  (Id. at 9).

5.  Movant was coerced into pleading guilty.  (Id. at 11).

For relief, Movant asks to be resentenced to a term of 151 months.  (Mov't Mem. at 36, 39, 45, 47).

## II.    28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255. Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's

7

burden to establish his right to collateral relief, <u>Rivers v. United States</u>, 777 F.3d 1306, 1316 (2015), <u>cert. denied</u>, _ U.S. _, 136 S. Ct. 267 (2015).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting <u>Richards v. United States</u>, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).  Thus, a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts.  <u>Massaro v. United States</u>, 538 U.S. 500, 505-09 (2003).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" <u>Gordon v. United States</u>, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255).  That is the case here, as shown in the discussion below.

8

## III.   **Discussion**

### A.   **Ground One**

Movant asserts that his appeal waiver is unenforceable based on the Department of Justice's policy (stated in its October 14, 2014, memorandum)[4] that prosecutors need not seek to enforce appeal waivers.  (Mot. to Vacate at 5; Mov't Mem. at 30-33 and fn.5).  Movant admits that the memorandum was issued after his appellate counsel filed an <u>Anders</u> brief in Movant's direct appeal but appears to argue that appellate counsel – by filing an <u>Anders</u> brief – denied Movant his right to file an appeal and that the Court should either address all of Movant's claims in these proceedings or reimpose the same sentence to allow Movant to appeal, with the benefit of the October 14, 2014, memorandum.  (Mov't Mem. at 31-33).

Respondent asserts that the appeal waiver is enforceable.  (Resp't Resp. at 26, ECF No. 668).

---

[4]The October 14, 2014, Department of Justice memorandum at issue states, "For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve."  www.justice.gov/file/70111/download (last visited Feb. 27, 2017).

AO 72A
(Rev.8/82)

Ground One fails, both as to Movant's assertions that an <u>Anders</u> brief denied him his right to an appeal and as to his assertion that based on the October 2014 memorandum his claims should be reviewed without regard to his appeal waiver. As to Movant's right to an appeal, the Eleventh Circuit Court of Appeals reviewed Movant's counseled brief and the entire record on appeal, found that counsel's assessment under <u>Anders</u> was correct, and concluded, that an "independent examination of the entire record reveals no arguable issues of merit[.]" (USCA Op.). Accordingly, Movant was not denied a direct appeal. <u>See</u> <u>United States v. Brown</u>, No. 7:13-CR-00068, 2016 WL 5934771, at *5 (W.D. Va. Oct. 11, 2016) (finding that movant failed to show that he was denied the right to an appeal when his appellate counsel filed an <u>Anders</u> brief); <u>United States v. King</u>, Nos. 4:14-CV-010-A, 4:11-CR-103-A-(01), 2014 WL 1381385, at *3 (N.D. Tex. Apr. 8, 2014) (holding that movant had not been denied his right to appeal when his counsel filed an <u>Anders</u> brief and his appeal was dismissed); <u>Madarikan v. United States</u>, No. 95 CV 2052 (SJ), 1997 WL 597085, at *2 (E.D. N.Y. Sept. 24, 1997) ("Petitioner further claims that she was denied the right to appeal because her attorney filed an <u>Anders</u> Brief. . . . The Second Circuit Court of Appeals upheld the Petitioner's conviction in its entirety and allowed counsel to withdraw from the case, thus providing support for the attorney's claim that

10

no valid appellate issues remained.  The Petitioner's claim for relief on this ground is therefore denied.").

Further, nothing in the October 2014 memorandum renders unenforceable a valid[5] appeal waiver that the government seeks to enforce.  The Eleventh Circuit Court of Appeals has found that the October 2014 memorandum/policy does not prohibit prosecutors from seeking to enforce appeal waivers and that when the government chooses *not* to withdraw its reliance of an appeal waiver, a "contention that the policy renders the waiver null and void is unavailing."  Demello v. United States, 623 F. App'x 969, 972 (11th Cir. 2015); see also United States v. Sheppard, Crim. No. 10-119, Civ. No. 13-1667, 2015 WL 9461509, at *2 (W.D. Pa. Dec. 23, 2015) ("[T]he new Department of Justice policy set forth in Deputy Attorney General Cole's Memorandum does not prohibit its prosecutors from seeking to enforce a collateral-appeal waiver and is not a change in the law that renders a prior waiver of collateral appeal invalid.").  Further, a "Justice Department's policy statement is not controlling law" that binds prosecutors or the courts.  Cavounis v. United States, 14-CV-4992 (VEC), 11-CR-297 (VEC), 2016 WL 715768, at *5 (S.D.N.Y. Feb. 19,

---

[5]As discussed further below, the appeal waiver is valid.

11

2016) (citing United States v. Reed, 576 F. App'x 60, 61-62 (2d Cir. 2014) and United States v. Canori, 737 F.3d 181, 183-84 (2d Cir. 2013)).

Based on the above discussion, it is apparent that Movant was not deprived of his right to an appeal and that the government is within its rights to seek enforcement of Movant's appeal waiver.  Ground One fails.

### B.   Ground Two, Three, and Five

In Grounds Two, Three, and Five, (Mot. to Vacate at 6, 8, 11, (citing Mov't Mem. at 34-39, 43-45)), Movant, liberally construed, argues that his guilty plea was involuntary for the following reasons –

1.   counsel was ineffective for allowing Movant to enter a binding plea agreement without advising him on the upcoming amendment to the sentencing guidelines on drug quantity (Amendment 782 to the Sentencing Guidelines),[6] that is –

---

[6]Respondent states that Movant's references to a change in sentencing policy appears to be a reference to the recent amendment to guideline calculations for drug offenses.  (Resp't Resp. at 11 n.4).  The Court agrees and treats Movant's references to changes in policy and guidelines as references to Amendment 782, which generally applies retroactively.  See United States v. Maiello, 805 F.3d 992, 994 (11th Cir. 2015) ("On April 10, 2014, the United States Sentencing Commission voted unanimously to amend the U.S. Sentencing Guidelines . . . to lower the base offense levels (found in the Drug Quantity Table in USSG § 2D1.1) by two levels across all drug types. The vehicle for this change was  Amendment 782, which went into effect on November 1, 2014.").

The Court notes that Movant filed a separate motion to reduce his sentence under Amendment 782, which currently is pending before the Court along with the

-causing Movant to be stuck with a 220-month sentence when his co-defendants benefitted from the government's significant modification of its drug sentencing policy, (Mot. to Vacate at 6);

-failing to obtain a better plea offer in light of an (unidentified) Supreme Court ruling and "recently retroactive resentencing under [the] U.S. sentencing guideline effective November 01, 2014[,]" (id.);

-coercing Movant into a binding agreement and allowing him to plead guilty when the drug sentencing policy was in the process of being modified, (Mot. to Vacate at 11); and

-failing to advise Movant that his minimum prison term would be ten years and that, under Amendment 782, he potentially would face only an offense level of thirty-five and 168-210 months, (Mov't Mem. at 17, 35);

2.    counsel was ineffective in that "the only negotiation was: 'I got you 27 years, if you don't sign they will take you to trial and give you 36 years[,]'" (Mov't Mem. at 34);

3.    counsel was ineffective based on affirmative misrepresentations and serious errors – i.e., failing to advise Movant that he could have entered into a plea without an appeal waiver or a binding agreement to a 220-month sentence, (Mot. to Vacate at 8; Mov't Mem. at 38);

4.    counsel was ineffective for allowing Movant to plead guilty without regard to United States v. O'Brien, 560 U.S. 218 (2010),[7] and in violation of the Constitution and federal law, rules, and guidelines, (Mot. to Vacate at 11); and

---

government's response. (Mot. to Reduce, ECF No. 606; Gov't Resp., ECF No. 680).

[7]The court in O'Brien held that whether the gun in a § 924(c) charge is a machine gun (which requires an enhanced sentence) is an element of the offense that must be proven to the jury. O'Brien, 560 U.S. at 235. Movant did not plead guilty to a gun charge, and this matter is not further addressed.

13

5.    counsel was ineffective for allowing Movant to plead guilty based on incorrect advice and fraud related to the dollar amount involved in his crime and referred to in the plea agreement, i.e., the dollar amount in the plea agreement was changed to $800,000,[8]  (Mot. to Vacate at 12).

Respondent argues that counsel was not ineffective for failing to anticipate a change to the guidelines, that Movant's claim of coercion is affirmatively contradicted by the record, that the government made no other offer, and that Movant has not shown prejudice in that he fails to show that he would not have pleaded guilty but for counsel's allegedly deficient performance.  (See Resp't Resp. at 17-19, 22-23). Respondent argues that Movant's claim of a cover up and fraud in regard to the amount of money that should have been found at the stash house fails (1) because counsel stated that he thought the government's factual summary was correct (including the monetary amount) and that to the degree there was a discrepancy on the monetary amount it would not affect the decision to plead guilty and (2) because Movant stated that he had no substantial disagreements with what the evidence would be as stated by the prosecutor.  (Id. at 23-24).

---

[8]In Grounds Two, Four, Five, and elsewhere, Movant refers to fraud, discrepancies in regard to the money involved, and potential felonies committed by special agents in regard to the money.  (Mov't Mem. at 20, 24, 36, 40-41, 43-44, 47). The Court addresses the fraud argument only in this section of the R&R.

14

An appeal waiver "does *not* preclude claims brought pursuant to § 2255 that challenge the validity of the defendant's plea or the appeal waiver based on the ineffective assistance of counsel." Patel v. United States, 252 F. App'x 970, 974 (11th Cir. 2007) (emphasis in original). Under the Sixth Amendment, a defendant has the right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92; Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000) (stating that court may resolve an ineffective assistance claim based on either prong). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect on the outcome of the proceedings" does not show prejudice. Wood v. Allen, 542 F.3d 1281, 1309

(11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted).

To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'" Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218 (11th Cir. 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)), cert. denied, _ U.S. _, 136 S. Ct. 798 (2016). A movant's "bare allegation that he would not have pleaded guilty is insufficient to establish prejudice[.]" Roach v. Roberts, 373 F. App'x 983, 985 (11th Cir. 2010). "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Diveroli v. United States, 803 F.3d 1258, 1263 (11th Cir. 2015) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)) (internal quotation marks omitted). In considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. . . [S]olemn declarations in open court carry a strong presumption of verity." Winthrop-Redin v. United States, 767 F.3d

16

1210, 1216-17 (11th Cir. 2014) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977)) (internal quotation marks omitted).

Movant pleaded guilty on April 9, 2013, and it was not until a year later that the Sentencing Commission voted in favor of Amendment 782, which would become effective on November 1, 2014.  Counsel was not deficient for failing to base his advice to Movant on an upcoming change in the sentencing guidelines.  <u>See</u> <u>Bajorski v. United States</u>, 276 F. App'x 952, 954 (11th Cir. 2008) (stating that "counsel cannot be deemed ineffective for failing to anticipate a change in the law" (citing <u>Funchess v. Wainwright</u>, 772 F.2d 683, 691 (11th Cir. 1985)).  "Even if a claim based upon an anticipated change in the law is reasonably available at the time counsel failed to raise it, such failure does not constitute ineffective assistance." <u>Id.</u> (citing <u>Pitts v. Cook</u>, 923 F.2d 1568, 1573-74 (11th Cir. 1991)).  Accordingly, Movant fails to show deficient performance based on the change to the guidelines that occurred after he entered into the plea agreement.  Further, there is nothing in the record to indicate that the government was willing to offer a plea agreement *without* an appeal waiver and binding agreement to a 220-month sentence, and counsel was not deficient for failing to advise Movant otherwise.

17

Additionally, Movant's assertions of coercion are affirmatively contradicted by his testimony under oath in open court.  (See Guilty Plea Tr. at 26; see also Guilty Plea and Plea Agreement at 15).  Further, the record contradicts the assertion that Movant's guilty plea was caused or induced by any alleged fraud related to the dollar amount found at the stash house.  (See Guilty Plea Tr. at 12-13).

Moreover, Movant fails to show prejudice.  By pleading guilty, Movant benefitted from the government's assurance that it would not bring any additional charges and its agreement not to pursue the other four counts against him and thus avoided exposing himself to the possibility of additional punishment.  Movant provides no rationale as to why he would have chosen trial on all five counts if counsel had advised him about the forth-coming Amendment 782 and the possibility that the guidelines range for his one-count conviction would be 210-262 months (the low end being ten months lower than the 220-month agreed upon sentence).[9]  Movant presents

---

[9]Under the sentencing guidelines, U.S.S.G. § 2D1.1(c)(2), in effect at the time Movant was sentenced in August 2013, Movant's base offense level was 36 based on a cocaine quantity of 132.858 kilograms.  (Presentence Investigation Report (PSR) ¶ 106, ECF No. 495).  Movant's total offense level was 39 with a guidelines range of 262 to 327 months.  (Sentencing Tr. at 25-26).  Notably, the drug quantity asserted by Movant – 86.138 kilograms of cocaine – would not have changed the base offense level of 36 or the total offense level of 39.  (See PSR ¶ 106).  Amendment 782 "increased the amount of cocaine necessary to qualify for a base offense level of 36 from at least 50 kilograms, but less than 150 kilograms, to at least 150 kilograms, but

18

nothing that convinces the Court of a reasonable probability that – with different advice – he would have rejected the plea and its benefits and proceeded to trial.  In fact, for relief, Movant does *not* ask to be tried on all five counts but simply asks to be resentenced to a term of 151 months, apparently wishing to keep his guilty plea – at least as to the dismissal of Counts Two, Three, Eight, and Nine, while pleading guilty to Count One only.  (See Mov't Mem. at 36, 39, 45, 47).  Movant fails to show that ineffective assistance of counsel rendered his guilty plea involuntary or invalid.

## C.   **Ground Four**

In Ground Four, Movant argues that his sentence is in conflict with federal law to the extent that certain sentencing factors should have been proven beyond a reasonable doubt.  (Mot. to Vacate at 9; Mov't Mem. at 40-42).  The Court notes that, under his argument in support of Ground Two, Movant also appears to contest his sentence and assert that he should have received a lower guidelines range.  (Mov't Mem. at 35-36).

---

less than 450 kilograms."  United States v. Vives, 619 F. App'x 949, 951 (11th Cir. 2015).  Under amended § 2D1.1(c)(2), Movant's base offense level for either drug amount (and total offense level) would be reduced two levels, and his guidelines range would be 210-262 months.  See U.S.S.G. 2D1.1(c)(3) (assigning 34 level for 50 to less than 150 kilograms of cocaine); U.S.S.G. Ch. 5, Pt. A, Sentencing Table.  Movant's negotiated sentence of 220 months falls within that range.

AO 72A
(Rev.8/82)

When a guilty plea is otherwise valid, a provision that waives the right to review is valid and enforceable if the district court has "specifically questioned the defendant about the provision during the plea colloquy, or . . . it is manifestly clear from the record that the defendant fully understood the significance of the waiver." United States v. Hardman, 778 F.3d 896, 899 (11th Cir. 2014) (quoting United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)) (internal quotation marks omitted).

Here, the waiver was throughly reviewed during the plea hearing both as to the waiver of direct and collateral review, (Guilty Plea Tr. at 23), and the Court questioned Movant regarding the waiver and ascertained that he understood the waiver, (id. at 26). See United States v. Jackson, 398 F. App'x 451, 452 (11th Cir. 2010) (concluding that the movant understood the waiver although the district court's explanation of the waiver did not specifically explain its application to collateral attacks); Brown v. United States, 256 F. App'x 258, 262 (11th Cir. 2007) (same). The undersigned finds that Movant's waiver of his right to collateral review is valid and enforceable. Movant's valid waiver waives the right to challenge his sentence and precludes any claim that counsel was ineffective on sentencing matters. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (stating that a knowing and voluntarily sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance

20

at sentencing"). Accordingly, Ground Four fails. To the extent that Movant raises any additional claims in regard to his sentence or counsel's assistance on matters that do not affect the validity of his plea agreement, those claims also fail based on Movant's waiver.

## IV.    Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

> "When the district court denies a habeas petition on procedural grounds
> . . . a COA should issue when the prisoner shows, at least, that jurists of
> reason would find it debatable whether the petition states a valid claim of

21

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484), cert. denied, No. 16-6498, 2017 WL 276216 (U.S. Jan. 23, 2017).

It is recommended that a COA is unwarranted because it is not debatable that Movant voluntarily and knowingly entered into his plea agreement and that the waiver therein is valid.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."   Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.    Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [650] to vacate, set aside, or correct his federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 3rd day of March, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

23