# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ROGELIO RAMIREZ-SOLORIO, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0264-AT-JFK-3 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:15-CV-3769-AT-JFK |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on the Magistrate Judge's Report and Recommendation (R&R) [Doc. 683], which recommends that Movant's 28 U.S.C. § 2255 motion to vacate and a certificate of appealability be denied, and on Movant's recent letter to the Court [Doc. 687], construed by the Clerk of Court as objections to the R&R.

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). The District Judge must "give

fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

The Court previously extended the time – until April 21, 2017 – in which to file objections and advised Movant that his filings must be in English.[1] (Order of Mar. 22, 2017, Doc. 686.) Movant's letter is written in Spanish, is not dated, and was filed on April 27, 2017, after expiration of the extended time in which to object. (Letter, Doc. 687.) Notwithstanding, in the interest of fairness to Movant, the Court has obtained an informal translation of Movant's filing and finds that he raises no specific

---

[1] Federal Court filings must be in English, and documents written in another language must be filed with a translation. *See United States v. Rivera Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) (stating that "[i]t is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English" and that "[e]ven if this practice were not intuitively obvious in Puerto Rico, Congress enacted [48 U.S.C. § 864], which requires that '[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico . . . .. be conducted in the English language.'"); *Light for Life, Inc. v. Our Firm Found. for Koreans, Inc.*, No. 3:12-CV-38-CAR, 2015 WL 631138, at *7 (M.D. Ga. Feb. 12, 2015) ("'[F]ederal court proceedings must be conducted in English.' Without an English translation, the Court cannot consider this evidence on summary judgment." (quoting *Rivera Rosario*, 300 F.3d at 5)); *United States v. One 1988 Chevrolet Half Ton Pickup Truck*, 357 F. Supp. 2d 1321, 1329 (S.D. Ala. 2005) (discussing the principle that parties are responsible for providing English translation of their exhibits).

AO 72A
(Rev.8/82)

objection to a particular finding or recommendation by the Magistrate Judge and otherwise finds that Movant raises no substantive issue that has not been addressed in the course of the proceedings in his criminal case.[2]

While the Court does not view Movant's filing as presenting specific objections in conformity with requisite procedure or the Court's instructions, out of an abundance of caution, the Court has considered Petitioner's objections as a challenge to the entirety of the Magistrate Judge's findings and in turn, reviewed the petition and R&R on a *de novo* independent basis. The Magistrate Judge has provided a correct assessment of the facts and correctly determined (1) that Movant was not deprived of his right to appeal and that the government is within its rights to seek enforcement of Movant's appeal waiver, (2) that Movant fails to show that ineffective assistance of counsel rendered his guilty plea involuntary or invalid, and (3) that Movant waived the right to challenge his sentence or counsel's assistance on sentencing matters. (*See* R&R at 9-21, Doc. 683.)

---

[2] (*See generally* Order and R&R of Sept. 17, 2012, at 129-53, ECF No. 274 (discussing search warrant for residence where Movant was allegedly an occupant and recommending that Movant's motions to suppress evidence be denied); Guilty Plea Tr., ECF No. 435; Sentencing Tr., ECF No. 668-1).

3

Accordingly, the Court **OVERRULES** Movant's construed objections [Doc. 687], **ADOPTS** the R&R [Doc. 683], and **DENIES** Movant's Motion to Vacate [Doc. 650]. The Court further **DENIES** a COA in connection with this motion.

**IT IS SO ORDERED**, this 31st day of May, 2017.

*/s/ Amy Totenberg*
**Amy Totenberg**
**United States District Judge**

AO 72A
(Rev.8/82)